UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD PLECHNER,<br><br>               Petitioner,<br>   v.<br><br>RONALD HAYNES,<br><br>               Respondent. | CASE NO. 3:24-CV-5187-TMC-DWC<br><br>ORDER |

Presently before the Court is Petitioner Richard Plechner's Moton to Submit Supplemental and Corrected Petition and Application for Court-Appointed Counsel (Dkt. 11) and Respondent Ronald Haynes Second Motion for an Extension of Time to File an Answer (Dkt. 12). After consideration of the relevant record, Petitioner's Motion to Supplement and for Counsel (Dkt. 11) is denied and Respondent's Motion for an Extension (Dkt. 12) is granted.

**I.        Request for Court-Appointed Counsel (Dkt. 11)**

Petitioner requests Court-appointed counsel. Dkt. 11. There is no right appointed counsel in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required or such appointment is necessary for the effective utilization of discovery procedures. *See McCleskey v.*

ORDER - 1

*Zant*, 499 U.S. 467, 495 (1991); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court may appoint counsel "at any stage of the case if the interest of justice so require." *Weygandt*, 718 F.2d at 954. In deciding whether to appoint counsel, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.*

Here, the Court does not find good cause for granting leave to conduct discovery; thus, counsel is not necessary to effectively utilize discovery. Further, the Court has not determined an evidentiary hearing is required. *See* Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). Moreover, Petitioner effectively articulated his grounds for relief raised in the Petition, the grounds are not factually or legally complex, and Petitioner has not shown he is likely to succeed on the merits of this case. While Petitioner cites to Respondent's assertion that this case is complex, Respondent requested an extension of time to answer due to complexities in this case and his workload. This alone is not sufficient to warrant Court-appointed counsel. Thus, Petitioner has not shown the interests of justice require the Court to appoint counsel at this time. As Petitioner has not shown appointment of counsel is appropriate, the request for counsel is denied without prejudice.

### II. Request to Supplement Petition (Dkt. 11)

In the Motion for Court-Appointed Counsel, Petitioner states,

> I also motion to court to accept this supplemental and corrected petition because it will not prejudice the State in any way. The Court already gave the state an extension of time and the corrections only fix some spelling errors and stuff like that. The corrections do not subtan[tially] change any issues and only makes things more clear.

1   Dkt. 11 at 3. Petitioner then attached a 75-page petition to the Motion. *See* Dkt. 11-1.

2   Here, Petitioner inserted his request for leave to amend as a final note in his Motion for
3   Court-Appointed Counsel; he did not file an independent motion seeking leave to amend.
4   Further, under Local Civil Rule ("LCR") 15, a party seeking leave to amend a pleading must
5   indicate how the amended pleading differs from the pleading that it amends. Petitioner did not
6   sufficiently explain how his proposed amended petition differs from the Petition. Additionally,
7   Petitioner's proposed amended petition is nine pages longer than his Petition, which belies his
8   assertions that the proposed amended petition only changes typographical errors and does not
9   have any substantial changes.

10   If Petitioner seeks to amend his petition, he must file motion to amend explaining why
11   leave to amend should be granted and must provide a copy of a complete proposed amended
12   petition on the § 2254 forms provided by the Court.

13   Therefore, for the above stated reasons, Petitioner's request to supplement his Petition is
14   denied.

### III. Request for Extension of Time (Dkt. 12)

16   Respondent has filed a second Motion for an Extension of Time to File an Answer. Dkt.
17   12. Counsel requests an extension of time to answer due to the complexities of Petitioner's
18   underlying state court proceedings. After review of Respondent's Motion, the Motion (Dkt. 12)
19   is granted. Respondent shall have up to and including June 13, 2024, to file an answer to the
20   Petition.

ORDER - 3

**IV.     Conclusion**

In summation, Petitioner's Motion to Supplement and for Court-Appointed Counsel (Dkt. 11) is denied. Respondent's Motion for Extension of Time (Dkt. 12) is granted. Respondent must file the answer on or before June 13, 2024.

Dated this 4th day of June, 2024.

David W. Christel
United States Magistrate Judge

ORDER - 4