1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

12

13

14

RICHARD PLECHNER,

Petitioner,

v.

RONALD HAYNES,

Respondent.

CASE NO. 3:24-CV-5187-TMC-DWC

ORDER DENYING MOTION TO
SANCTION AND MOTION FOR
COUNSEL

15

16

Presently before the Court is Petitioner Richard Plechner's Moton for Court to Sanction
Mark Fowler and to Order Court-Appointed Counsel. Dkt. 18.

17

18

19

20

21

22

23

Petitioner requests Court-appointed counsel. Dkt. 18. As the Court has previously stated
(Dkt. 14), there is no right to appointed counsel in cases brought under 28 U.S.C. § 2254 unless
an evidentiary hearing is required or such appointment is necessary for the effective utilization of
discovery procedures. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v.
Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129,
1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing
Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court may appoint

24

ORDER DENYING MOTION TO SANCTION
AND MOTION FOR COUNSEL - 1

counsel "at any stage of the case if the interest of justice so require." *Weygandt*, 718 F.2d at 954. In deciding whether to appoint counsel, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.*

Here, the Court does not find good cause for granting leave to conduct discovery; thus, counsel is not necessary to effectively utilize discovery. Further, the Court has not determined an evidentiary hearing is required. *See* Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). Moreover, Petitioner effectively articulated his grounds for relief raised in the Petition, the grounds are not factually or legally complex, and Petitioner has not shown he is likely to succeed on the merits of this case. As such, Petitioner has not shown the interests of justice require the Court to appoint counsel at this time. For these reasons, the request for counsel is denied without prejudice.

Petitioner also requests the Court sanction Respondent's attorney, Christopher Mark Fowler. Dkt. 18. Petitioner contends Mr. Fowler has lied to the Court. *Id*. The Court finds Petitioner's allegations are not sufficient to warrant sanctions. For example, Petitioner has not provided credible evidence that Mr. Fowler provided misrepresentations to this Court. Accordingly, the Court declines to sanction Mr. Fowler.

To the extent Petitioner is now attempting to file a traverse, the Court declines to consider Petitioner's motion as a response to Respondent's Answer at this late stage of the case. Petitioner's traverse was due on or before July 5, 2024. Petitioner did not file a traverse. When the Court directed Respondent to supplement the record, the Court specifically stated that no additional briefing would be accepted. Dkt. 17. Therefore, the Court will not consider Petitioner's Motion when issuing a decision on the Petition.

ORDER DENYING MOTION TO SANCTION
AND MOTION FOR COUNSEL - 2

For the above stated reasons, Petitioner's Motion (Dkt. 18) is denied.

Dated this 22nd day of August, 2024.

David W. Christel
United States Magistrate Judge