UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD PLECHNER,<br><br>        Plaintiff,<br>    v.<br><br>RONALD HAYNES,<br><br>        Defendant. | CASE NO. 3:24-cv-05187-TMC-DWC<br><br>ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 23) |

This matter comes before the Court on Judge Christel's denial (Dkt. No. 25) of Plaintiff's motion to disqualify (Dkt. No. 23). Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themselves from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Christel's decision not to recuse.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 23) - 1

1  bias or prejudice against a party.  28 U.S.C. § 455(a), (b)(1).  Such bias or prejudice must derive
2  from an extrajudicial source.  *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL
3  501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir.
4  1984).  Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is
5  appropriate if "a reasonable person with knowledge of all the facts would conclude that the
6  judge's impartiality might reasonably be questioned."  *Yagman v. Republic Ins.*, 987 F.2d 622,
7  626 (9th Cir. 1993).  This is an objective inquiry concerned with whether there is the appearance
8  of bias, not whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.
9  1992).

10  Plaintiff questions Judge Christel's impartiality and seeks his recusal based on Plaintiff's
11  assertion that Judge Christel presided over the criminal hearings of an individual, Andrew
12  Kowalczyk, with whom the Plaintiff had an "involvement."  (Dkt. No. 23 at 2.)  In evaluating
13  Plaintiff's motion, Judge Christel found that "[w]hile it appears the undersigned issued a search
14  warrant related to Mr. Kowalczyk in 2008, Petitioner has not shown that he was involved in 2008
15  matter, nor does the record indicate any involvement."  (Dkt. No. 25 at 3.)  Accordingly, Judge
16  Christel concluded that Plaintiff did not make the required showing that a reasonable person
17  could question Judge Christel's impartiality.  *Id*.  The Court agrees that a reasonable person
18  would not harbor doubts about Judge Christel's impartiality based on Plaintiff's ambiguous
19  account of his "involvement" with Kowalczyk.  No facts are identified supporting Plaintiff's
20  contention of impartiality.

21  Accordingly, the Court AFFIRMS Judge Christel's denial (Dkt. No. 25) of Plaintiff's
22  motion to disqualify (Dkt. No. 23).

23  Dated this 2nd day of October, 2024.

24

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 23) - 2

1
2
3

David G. Estudillo
United States District Judge

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 23) - 3