UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD PLECHNER,<br><br>               Petitioner,<br>    v.<br><br>RONALD HAYNES,<br><br>               Respondent. | CASE NO. 3:24-CV-5187-TMC-DWC<br><br>ORDER DENYING MISCELLANEOUS MOTIONS |

Presently before the Court are Petitioner Richard Plechner's four motions requesting the Court to order amicus briefing, appoint counsel and a guardian ad litem, and grant miscellaneous relief. Dkts. 21, 26, 27, 28. After consideration of the relevant record, the Court finds Petitioner's Motions (Dkt. 21, 26, 27, 28) should be denied.

    **I.**      **Motion for Court to Order Amicus Briefs (Dkt. 21)**

Petitioner filed a "Motion for Court to Order Two (2) Amicus-Curiae Briefs Regarding Narrow Issue of R.C.W. 9A.44.020 being Unconstitutional on its Face." Dkt. 21. Petitioner states that the Court must order two amicus briefs to be researched and submitted to the Court regarding the "very complicated and narrow issue of whether or not the state can secure a constitutionally permissible conviction on the testimony of a single witness or victim without any other evidence at all." *Id*. at 1. Petitioner appears to be referencing his claim in Ground 1 that asserts there was insufficient evidence to convict him of Indecent Liberties. *See* Dkt. 6.

Respondent has filed a response to the Petition asserting Petitioner failed to exhaust Ground 1. *See* Dkt. 15. If Petitioner has failed to exhaust Ground 1 and this ground is now procedurally barred from federal review, there is no need for briefing on the constitutionality issue. Further, no amici-party has sought leave to file an amicus brief. Rather, Petitioner is requesting the Court order unidentified individuals to file amicus briefs. As there is no motion seeking leave to file an amicus brief and as Petitioner has not shown an amicus brief will be of assistance to the Court at this time, his Motion (Dkt. 21) is denied.

**II.    Motion for Appointment of Counsel (Dkt. 28)**

Petitioner again requests Court-appointed counsel. Dkt. 28. As the Court has previously stated (Dkts. 14, 22), there is no right to appointed counsel in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required or such appointment is necessary for the effective utilization of discovery procedures. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court may appoint counsel "at any stage of the case if the interest of justice so require." *Weygandt*, 718 F.2d at 954. In deciding whether to appoint counsel, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.*

Here, the Court does not find good cause for granting leave to conduct discovery; thus, counsel is not necessary to effectively utilize discovery. Further, the Court has not determined an evidentiary hearing is required. *See* Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). Moreover, Petitioner articulated his grounds for relief raised in the

Petition, the grounds are not factually or legally complex, and Petitioner has not shown he is likely to succeed on the merits of this case. As such, Petitioner has not shown the interests of justice require the Court to appoint counsel at this time. For these reasons, the Motion for Appointment of Counsel (Dkt. 28) is denied.

### III.     Motion for the Appointment of a Guardian Ad Litem (Dkt. 27)

Petitioner has also filed a Motion requesting the appointment of a guardian ad litem. Dkt. 27. In the Motion, Petitioner states that his constitutional rights are being violated. *Id*. He states he is incompetent. *Id*. Based on his filing, it appears Petitioner is complaining of the conditions of his confinement and the alleged constitutional violations are unrelated to this § 2254 action. *See id*.

Regardless, the Court notes Petitioner has not shown he is entitled to a guardian ad litem. Federal Rule of Civil Procedure 17(c) states, in relevant part:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action.

"The purpose of Rule 17(c) is to protect an incompetent person's interests in prosecuting or defending a lawsuit. Once the court determines that a pro se litigant is incompetent, the court generally should appoint a guardian ad litem under Rule 17(c)." *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014) (internal citations omitted). Here, while Petitioner states he is incompetent, he has failed to provide sufficient evidence showing he is incompetent and cannot litigate this case. *See* Dkt. 27. As Petitioner does not request a guardian ad litem for this case and as Petitioner has not provided substantial evidence showing he is incompetent, his Motion requesting the appointment of a guardian ad litem (Dkt. 27) is denied.

### IV. Motion for Miscellaneous Relief (Dkt. 26)

Petitioner filed a "Motion to Prevent New Evidence Spoliation (or/and) Spoliation of Evidence and Motion for this Court to Reconsider Past Orders and to Add or Amend 1st or 2nd Petition." Dkt. 26. In the Motion, Petitioner appears to provide argument to the Court related to "new" evidence. In the Motion, Petitioner argues that photographs show the victim in his criminal case lied on the stand. He does not clearly explain the relief he is seeking from this Court. As the Motion does not clearly explain the relief requested, the Motion (Dkt. 26) is denied.

### V. Leave to Amend

In several filings, Petitioner, in a conclusory manner, requests the Court allow him to amend his Petition. *See* Dkts. 21, 26. Petitioner initiated this case in March of 2024. Dkt. 1. On May 16, 2024, Petitioner attempted to amend his petition in a conclusory sentence in a motion requesting court-appointed counsel. Dkt. 11. On June 4, 2024, the Court notified Petitioner that his request did not comply with the Federal or Local Rules. Dkt. 14. The Court stated that, if Petitioner sought to amend his petition, he was required to file a motion to amend explaining why leave to amend should be granted with a copy of a complete proposed amended petition on the § 2254 form the Court provides. *Id*. Petitioner's conclusory requests to amend his petition do not meet these requirements. Accordingly, any request for leave to amend is denied.

### VI. Conclusion

For the above stated reasons, Petitioner's Motions (Dkts. 21, 26, 27, 28) are denied.

Dated this 22nd day of November, 2024.

David W. Christel
United States Magistrate Judge